IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2019

## STATE OF TENNESSEE v. JOSHUA D. JOHNSON

### Appeal from the Criminal Court for Sullivan County
### No. C69518     James F. Goodwin, Jr., Judge

_____

### No. E2018-00793-CCA-R3-PC

_____

The petitioner, Joshua D. Johnson, appeals the Sullivan County Criminal Court's summary dismissal of his pro se petition for post-conviction relief. Because the post-conviction court should have granted the petitioner an opportunity to amend his petition to comply with the statutory requirements, we reverse and remand.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Brennan M. Wingerter, Knoxville, Tennessee, for the appellant, Joshua D. Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and Barry P. Staubus, District Attorney General.

### OPINION

On September 8, 2014, a Sullivan County petit jury convicted the petitioner of 34 counts of sexual exploitation of a minor, and the State dismissed one additional count. The trial court imposed an effective sentence of four years' incarceration. This court affirmed the defendant's convictions and sentence on direct appeal. *State v. Joshua Johnson*, No. E2016-00334-CCA-R3-CD, slip op. at 11, 13 (Tenn. Crim. App., Knoxville, Dec. 28, 2016).

On April 5, 2018, the petitioner filed a timely pro se petition for post-conviction relief, alleging, among other things, the ineffective assistance of counsel. On April 9, 2018, the post-conviction court summarily dismissed the pro se petition, first classifying the petition as an ex parte letter then stating that the petition failed to comply with the statutory requirements. Specifically, the post-conviction court found that the pro

se petition, despite "includ[ing] language to the effect that the statements included in the petition [we]re true," lacked the requisite oath and, therefore, did not comply with the statutory requirements.

In this timely appeal, the petitioner argues that the post-conviction court erred by summarily dismissing the pro se petition without appointing counsel and without granting the petitioner "an opportunity to amend his petition to correct the technical error in his oath." The State agrees with the petitioner that the post-conviction court erred by summarily dismissing the pro se petition without affording the petitioner a "reasonable opportunity to amend" his petition.

Initially, we note that the petitioner's filing is styled "Petition for Post-Conviction Relief," was filed in the Criminal Court for Sullivan County, and includes a certificate of service on the State and, thus, cannot reasonably be construed as an ex parte letter to the court. Therefore, we will consider the filing a pro se petition for post-conviction relief.

As is relevant to this case, the Code provides that a petition for post-conviction relief "shall be verified under oath." T.C.A. § 40-30-104(e). A petition is properly verified under oath when the petitioner gives the oath "in the presence of a third person qualified to take oaths, such as a notary public." *Kenneth R. Griffin v. State*, No. E2001-01932-CCA-R3-PC, slip op. 3 (Tenn. Crim. App., Knoxville, Feb. 19, 2002). Failure to comply with this statutory requirement causes a petition to be "devoid of factual allegations in support of [the p]etitioner's claim for post-conviction relief." *Id.* However, a post-conviction court may not summarily dismiss a pro se petition for post-conviction relief for lack of verification under oath without first affording the petitioner a "reasonable opportunity to amend the petition." Tenn. S. Ct. R. 28 § 6(B)(4)(b); *see also Jerry Timberlake v. State*, No. W2008-00037-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Jackson, Feb. 5, 2009); *Kenneth R. Griffin*, slip op. at 4.

Here, the pro se petition includes the following, "The statements made in this petition are true to the best ability and knowledge of the petitioner at the time the petition was filed." The petitioner's signature appears directly below this statement. Although this is an apparent attempt by the petitioner to effectuate an oath, this statement, without the verification of an official such as a notary public, is insufficient to satisfy the requirements of the statute. *See Clifton Harrison v. State*, No. E2009-00222-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct.11, 2010) (citing *Sexton v. State*, 151 S.W.3d 525, 529-30 (Tenn. Crim. App. 2003)). We agree with the State that, because the petitioner filed his post-conviction petition pro se, the post-conviction court erred by summarily dismissing the petition without affording the petitioner "a reasonable

opportunity to amend the petition" by signing under oath that the allegations in the petition are true and by having an appropriate official attest to taking the oath. *See* Tenn. S. Ct. R. 28 § 6(B)(4)(b).

Accordingly, we reverse the judgment of the post-conviction court and remand the case to that court to allow the petitioner an opportunity to amend his petition and for further proceedings consistent with this opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE